JOSEPH B. GREENHUT et al., Appellants, *v.* REALTY ASSOCIATES SECURITIES CORPORATION, Respondent.

First Department, May 21, 1943.

*Milton J. Levitt* of counsel (*Herman Goldman*, attorney), for appellants.

*William C. Hare* of counsel, (*Lynn G. Goodnough*, attorney), for respondent.

CALLAHAN, J.   Plaintiffs held a mortgage on which there had accrued $2,462.78 arrears in interest.   By an agreement between plaintiffs and the owner of the mortgaged premises the latter agreed, among other things, to pay said arrears in instalments of $129.62 per month.   Immediately thereafter plaintiffs sold the mortgage to defendant, and defendant covenanted that it would remit to plaintiffs one half of each payment received from the owner to the extent that it represented payment on account of the aforesaid arrears.   By said covenant it was expressly provided that defendant was not required to institute any action for the collection of the arrears, but, if it did not, plaintiffs might do so in defendant's name.   From this it is evident that the parties regarded the assignment to defendant as including the arrears of interest, but with the understanding that defendant would return to plaintiffs half of any amount of such arrears which defendant might collect.

This arrangement was carried out until on September 15, 1941, the arrears had been reduced to $1,296.20.   On that date defendant delivered the bond and mortgage and a satisfaction thereof to the owner.   An instrument was executed and delivered to the owner on that day by the defendant which declared that one half of the arrears then unpaid, namely, the sum of $648.10, belonged to the defendant, and provided that in consideration of the payment by the owner of $324.05 to defendant, it assigned to the owner all its right, title and interest in and to

said arrears of interest. This was done on notice to the plaintiffs after they had refused to compromise their claim to the arrears.

Plaintiffs sued under a first cause of action to recover one half of the $324.05 thus collected. Under a second cause of action they demanded $486.07 additional, representing one half of the difference between $1,296.20 and the $324.05, alleging that they had been prevented from recovering said amount by reason of defendant's satisfaction of the mortgage. Plaintiffs have been denied any recovery up to this time.

The covenant referred to in the instrument of assignment by plaintiffs to defendant entitled defendant to retain only one half of so much of the arrears as it might collect, and required it to pay the other half to the plaintiffs. It could not by its compromise agreement with the owner relieve itself of its covenant to remit to the plaintiffs their half of the amount collected. Therefore, the $324.05 received by defendant under the compromise agreement represented a sum collected on account of arrears of interest, for one half of which plaintiffs were entitled to recover on the first cause of action.

However, we fail to see any breach of contract or other ground for legal liability by reason of what happened as a result of defendant's satisfaction of the mortgage. Assuming, without deciding, that under the circumstances of this case the legal effect of the satisfaction of the mortgage was to deprive plaintiffs of the right to sue (either in their own or defendant's name) for the arrears, there was no express or implied agreement by defendant with plaintiffs not to accept the principal of the mortgage debt if and when it could collect the same. In the absence of any such covenant, and no bad faith on defendant's part being shown, no legal liability arose from the satisfaction.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed and judgment directed in favor of the plaintiffs for $162.02, with interest, and with costs to the plaintiffs in all courts.

COHN, J. (dissenting in part). I concur as to the first cause of action but dissent as to the holding that plaintiffs may not recover upon the second cause of action. I vote to grant judgment in favor of plaintiffs for the full sum demanded in the complaint. There was an implied obligation on the part of defendant to refrain from doing anything that would preclude plaintiffs from recovering from Strang the full one half share of plaintiffs' interest in the arrears.

MARTIN, P. J., UNTERMYER and DORE, JJ., concur with CALLAHAN, J.; COHN, J., dissents in part, with opinion.

Determination of the Appellate Term and the judgment of the Municipal Court reversed and judgment directed in favor of the plaintiffs for $162.02, with interest, and with costs to the plaintiffs in all courts. Settle order on notice.